IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYREE LAWSON : | |
| : | |
| v.     : | CIVIL ACTION NO. 19-1739 |
| : | |
| WAYNE HARRIGER and BRETT : | |
| THORNTON : | |

**McHUGH, J.**                                                                                                   **May 18, 2022**

### MEMORANDUM

This is a pro se civil rights action in which a prisoner in state custody alleges that prison correctional officers seized or destroyed his property in violation of his constitutional rights. Plaintiff alleges that this deprivation of property caused him to lose arguable legal claims in a number of civil cases, resulting in him being denied access to the courts. Because Plaintiff's Third Amended Complaint fails to state a claim, I will grant Defendants' Motion to Dismiss.

### I.     Factual Background

In a previous memorandum opinion, ECF 32, I granted Defendants' first motion to dismiss, dismissing most claims with prejudice, but allowing Plaintiff the opportunity to file an additional amended complaint if he could allege facts sufficient to support a claim of denial of access to the courts. Plaintiff returns with a Third Amended Complaint.

The relevant factual background is set forth in greater detail in my earlier memorandum. ECF 31. Briefly, pro se Plaintiff, Tyree Lawson, is currently in state custody at SCI-Phoenix. Third Am. Compl. (TAC) ¶ 1, ECF 35. Plaintiff filed this suit for monetary damages under 42 U.S.C § 1983 after the Defendants lost or destoyed his legal and personal property during his

transfer to SCI-Phoenix on July 13, 2018. *Id*. ¶ ¶ 89-90. Plaintiff named as Defendants Correctional Officer Wayne Harriger and Correctional Officer Brett Thornton.[1] *Id.* ¶¶ 2-3.

Plaintiff was a prisoner at SCI-Forest from August 2011 to May 2017. TAC ¶¶ 5, 11. While incarcerated at SCI-Forest, Mr. Lawson filed numerous grievances and lawsuits against prison officials. *Id.* ¶ 10. In 2017, he was transferred to SCI-Graterford. *Id*. ¶ 11. In March 2018, in anticipation of the closure of SCI-Graterford and the transfer of prisoners to SCI-Phoenix, Plaintiff sought and was given authorization for an extra box in which to transfer his extensive legal materials to the new facility. *Id*. ¶ 16.

On July 13, 2018, Plaintiff alleges that an unknown Pennsylvania Corrections Officer entered Plaintiff's cell and loaded his property into a transportation laundry cart. TAC ¶¶ 20-21. Next, Defendant Thornton took possession of the cart with Plaintiff's property. *Id*. ¶ 24. Separately, Plaintiff and his property were then transported to SCI-Phoenix. *Id*. ¶ 27. Later that day, he was instructed to collect his property at Phoenix. *Id.* ¶ 28. Defendants Harriger and Thornton were standing around the cart with his possessions. *Id*. ¶ 29. When he picked up his footlocker, Plaintiff believed that it was much lighter than it had been previously, but when he tried to look inside it, he was told to go back to his cell and check it there. *Id*. ¶ 30. In his cell, Plaintiff examined his property and noticed an "abundan[ce] of missing legal belongings." *Id*. ¶ 32.

Plaintiff contends that he was "actively litigating more than a half dozen nonfrivolous condition of confinement" cases at the time that his property was destroyed. TAC ¶ 35. Specifically, the pending Third Amended Complaint focuses on four cases that he argues were

---

[1] Plaintiff's Second Amended Complaint also named former SCI-Phoenix Superintendent Tammy Ferguson and two other "unknown Does of Pa. DOC's Corrections Emergency Response Ream." SAC ¶ 3. Plaintiff has not named Ferguson or any unknown Does in his Third Amended Complaint.

2

harmed by the loss of his legal materials: Case No. 17-cv-97 (W.D. Pa.); Case No. 17-cv-323 (W.D. Pa.); Case No. 17-cv-38 (W.D. Pa.); and Case No. 17-cv-39 (W.D. Pa.).

The pending Motion to Dismiss was filed on March 28, 2022, and with Plaintiff's time to respond having long since expired, the motion is ripe for consideration.

## II. Standard of Review

Plaintiff is pro se. There is a clear, well-established "obligation to liberally construe a pro se litigant's pleadings," *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), and pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, "[p]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Within the Third Circuit, motions to dismiss under Fed. R. Civ. P. 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

## III. Discussion

Plaintiff claims that the destruction of his legal property violated his right of access to the courts because he was rendered unable to successfully litigate certain pending legal matters. Although there is no doubt that it is difficult for a pro-se litigant to be without his legal paperwork—particularly without the access to computers and information that is readily accessible to other litigants—this claim fails because Plaintiff is unable to demonstrate any actual injury or lost remedy.

As discussed in my earlier memorandum, under the First and Fourteenth Amendments, prisoners retain a right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Monroe v. Beard*, 536 F.3d 198, 205–06 (3d Cir. 2008). To state a valid claim, a plaintiff must

show "(1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit."[2] *Id.* Plaintiff's complaint must describe the underlying arguable claim sufficiently to "show that it is 'more than mere hope,'" and must also "describe the 'lost remedy'" to meet this pleading requirement. *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 416-17 (2002)).

Plaintiff claims that the loss of his property hindered his ability to meaningfully litigate four civil suits. I take each in turn.

    a.  <u>*Lawson v. Barger and Hollis*, Case No. 17-cv-97 (W.D. Pa.)</u>:

*Lawson v. Barger and Hollis* is a case in which Plaintiff claimed denial of access to the courts based on SCI-Forest prison officials' refusal to allow him to attend a previously scheduled law library session, prior to his deadline to file a petition for allowance of appeal to the Pennsylvania Supreme Court related to his Post-Conviction Relief Act challenge to his criminal conviction. TAC ¶ 37. In this action, he alleges that the lost materials prevented him from lodging meaningful objections to the report and recommendation in the underlying case or appealing to the Third Circuit. *Id.* ¶¶ 38, 50. Specifically, he lists a series of documents lost in the move, including his 17-cv-97 civil case file and his copy of his submitted DC-135 seeking law library time, which impeded his success. *Id.* ¶ 39.

---

[2] In addition, "prisoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). Here, all four cases are challenges to Plaintiff's sentence or conditions of confinement, so this requirement is satisfied.

But a review of the docket in *Lawson v. Barger and Hollis* indicates that Plaintiff has not pleaded any detrimental impact upon an arguable legal claim.[3] There, the motion to dismiss was filed in December 2017 and Plaintiff filed a response in opposition in January 2018, before the July 2018 loss of materials. 17-cv-97 (W.D. Pa.), ECF 21, 22.[4] The court held on the merits that "Plaintiff's inability to attend a single pre-scheduled session in the law library does not amount to a constitutional violation." ECF 29 at 5 (Report and Recommendation), ECF 32 (Order Adopting Report and Recommendation as Opinion of the Court). Mr. Lawson was not granted leave to amend, as the "averments simply do not amount to a denial of access to the courts." ECF 29 at 11. This indicates that his underlying legal claim was not meritorious and that no documents that Plaintiff might have filed in response to the report and recommendation would have changed the outcome, as the court found that the core of his claim—being prevented from attending one library session—did not rise to a constitutional violation.

Further, the docket reflects that Plaintiff did in fact appeal this case to the Third Circuit, but the appeal was dismissed for failure to timely prosecute because he failed to pay the docketing fee. ECF 36. Plaintiff's appeal was hindered here not by lack of documentation, but rather, failure to meet a procedural requirement. Plaintiff has not alleged that the loss of his property interfered with his ability to pay a docketing fee, so there is no actual injury or lost remedy.

    b.  <u>*Lawson v. Barger, et. al*, Case No. 17-cv-323 (W.D. Pa.)</u>:

Next, *Lawson v. Barger, et. al* is a civil rights action filed by Plaintiff against SCI-Forest officials for allegedly confiscating a box of his property and trashing his cell. TAC ¶ 52. In the

---

[3] In deciding a motion to dismiss, a court may "review matters of public record . . . and take judicial notice of a prior judicial opinion." *McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009) (cleaned up).

[4] The remainder of the ECF numbers cited in this section (a) refer to the 17-cv-97 (W.D. Pa.) docket.

pending Complaint, Plaintiff alleges that he lost his legal case file including his complaint; amended complaint; defendants' responsive pleadings; court orders and several exhibits; two to three supporting affidavits; a March 28, 2017 verified inmate cash slip; and an April/May carbon copied letter to Pa. Department of Corrections Secretary Office of Inmate Grievances and Appeals. *Id.* ¶ 54. Mr. Lawson states that this loss prevented him from meaningfully responding to a motion for summary judgment in the *Lawson v. Barger, et. al* case. *Id.* ¶ 55.

The docket in the underlying case indicates that the Court granted summary judgment based upon a finding that it was undisputed that Plaintiff had failed to exhaust the grievance procedure. 17-cv-323 (W.D. Pa.), ECF 69, 72.[5] In so doing, it considered Plaintiff's objections to the report and recommendation, in which Plaintiff discusses the loss of his legal materials as well as the fact that his grievance appeal was interfered with, but rejected his arguments, noting that "[u]nopposed facts do not support this excuse, but rather support the Magistrate Judge's finding that Plaintiff failed to exhaust his administrative remedies." ECF 72. Ultimately, the Court held that it was "undisputed that Lawson never appealed the decision to the Secretary's Office for final review" ECF 69 at 7, because the letter he wrote to the Secretary's Office was an effort to "complain" and not "an appeal for final review." ECF 69 at 4 (R&R); ECF 72 (Order Adopting R&R). This demonstrates that the April/May letter Plaintiff alleges was destroyed was in fact considered in the Court's opinion granting summary judgment for defendants. Plaintiff provides no information as to how the other purposedly lost documents impeded his success. In fact, the complaint was dismissed for failure to exhaust and because the other documents Plaintiff cites do

---

[5] The remainder of the ECF numbers cited in this section (b) refer to the 17-cv-323 (W.D. Pa.) docket.

not relate to exhaustion, they could not cure the deficiency.[6] Therefore, he cannot show any impact upon a meritorious claim.

I also note that Plaintiff here is attempting to revive unsuccessful arguments he already made to Court in *Lawson v. Barger*. Prior to the Court granting summary judgment, Mr. Lawson requested a series of accommodations due to his missing property, some of which were granted and some of which were denied. Specifically, he filed a motion detailing the July 2018 loss of his property and asking the Court to compel the production of Plaintiff's grievance. ECF 60. The Court granted the motion, ECF 62, and the defendants produced the grievance, leading Plaintiff to claim that it had been fraudulently altered, ECF 64. Lawson also sought the reopening of discovery, citing the loss of his property during the move, ECF 26, but the magistrate judge denied his motion because he "failed to identify any specific materials that are missing or how their absence has impeded his ability to proceed." ECF 68. Mr. Lawson then had the opportunity to object to the district judge and appeal. The judge overruled his objections and though Lawson did appeal this case to the Third Circuit, it was again dismissed for failure to pay the filing fee, an outcome unrelated to any of his missing legal documents. ECF 75.

   c. *Lawson v. Overmyer et. al.*, Case No. 17-cv-38 (W.D. Pa.):

This underlying case is a civil rights case wherein Plaintiff alleged that legal mail was opened outside of his presence. TAC ¶ 64. As a result, Plaintiff refused to sign a legal mail tracking sheet, which caused the mail to be returned to sender. *Id*. The mail in question was a court order granting Plaintiff's request to file an appeal in a habeas proceeding and Plaintiff missed the deadline due to the mail being returned. *Id*. In this case, Plaintiff pleads that one of the

---

[6] Plaintiff names a March 28, 2017 verified inmate cash slip as among the destroyed documents. However, a copy of the March 28, 2017 cash slip appears to have been attached to Plaintiff's complaint, ECF 5-1, Ex. A. Moreover, the slip is related to a letter mailed to Superintendent Overmyer, but his complaint was dismissed for failure to fully exhaust his administrative remedies to the Secretary's Office for final review.

documents lost in the move to Phoenix was a copy of the legal mail tracking sheet. *Id.* ¶ 69. Plaintiff states that he had to file a motion for summary judgment without that document, as a result of which his motion was allegedly denied, and summary judgment was granted to the defendants. *Id.* ¶¶ 71-75.

This claim fails because Plaintiff lost the underlying case for reasons unrelated to any documents he might have had. The magistrate judge concluded, "Lawson cannot claim he was deprived of a chance to appeal the decision of the United States District Court for the Eastern District of Pennsylvania because he did so." 17-cv-38, (W.D. Pa.), ECF 116 at 5; *see also* ECF 135, Order Adopting R&R.[7] His appeal was not rejected as untimely, precluding any argument as to an actual injury resulting from the alleged misconduct regarding legal mail. ECF 135 at 3. In addition, the Court noted that Plaintiff was ultimately successful in the criminal case underlying that habeas case, so Plaintiff was unable to show that denial or delay in receiving the order caused any actual injury. *Id.* at 2. Similarly, Plaintiff again cannot show actual injury or lost remedy because nothing that Plaintiff might have had in his possession could have changed the outcome in the underlying case.

d. *Lawson v. Crowther*, Case No. 17-cv-39 (W.D. Pa.)

This case involved retaliation claims brought against a unit manager and sergeant on the grounds that they moved his cell to retaliate against him for a lawsuit that he previously filed. TAC ¶ 81. In this action, Plaintiff alleges that he lost relevant move sheets he had obtained through discovery, as well as an affidavit from another prisoner, which would have allowed him to file meaningful objections to the Report and Recommendation in the case. *Id.* ¶ 82. He pleads that these lost papers proved that his cell transfers were not pursuant "to any valid [penological]

---

[7] The remainder of the ECF numbers cited in this section (c) refer to the 17-cv-38 (W.D. Pa.) docket.

interest" and that the "assigned magistrate's position had been manipulated by SCI Forest [official's] pleadings." *Id*. ¶ 86.

This claim also fails because, as in *Lawson v. Barger and Hollis* described above, Plaintiff's claim was dismissed with prejudice based on pleadings that were filed and motions that were fully briefed before July 2018. Nevertheless, Plaintiff states that he was prevented from filing meaningful objections to the report recommending granting defendants' motion to dismiss. But in the report and recommendation adopted by the court, the magistrate judge found that the transfers complained of did not constitute "adverse action" and also noted that Plaintiff was not transferred until 18 months after filing a grievance and 11 months after filing a civil suit. 17-cv-39 (W.D. Pa.), ECF 71 at 6-7.[8] In dismissing his claims with prejudice, the Court held that, "as a matter of law" "Plaintiff cannot establish a constitutional violation based on the allegations set forth in any of his prior pleadings." ECF 71 at 10 (R&R); ECF 75 (Order Adopting R&R). Neither cell move sheets nor an affidavit from a fellow prisoner would have altered those findings. The underlying action was plainly not meritorious, and Plaintiff has failed to plead how any additional documentation could have changed this outcome. Plaintiff appealed to the Third Circuit, but the appeal was dismissed for failure to pay the filing fee. ECF 79. Therefore, Plaintiff has failed to state a claim for denial of the courts.[9]

---

[8] The remainder of the ECF numbers cited in this section (d) refer to the 17-cv-39 (W.D. Pa.) docket.

[9] Defendants further argue that Plaintiff's Third Amended Complaint fails to aver personal involvement by each defendant in the alleged wrong. Because I conclude that Plaintiff has failed to plead a factual basis for his access-to-courts claim, I need not consider this argument.

    e. *Dismissal is with Prejudice*

In each of these cases wherein Plaintiff alleges that his access to the courts was impeded, Plaintiff does not, as required by the pleading requirement, provide factual allegations to support a showing that his claims against prison officials were "arguable" or nonfrivolous. In my previous memorandum opinion, I delineated what must be pleaded to state a claim, yet the amended complaint fails to plead an injury or lost remedy that would support recovery and further amendment would be futile. *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."). Furthermore, the claims here have essentially already been litigated in prior actions, supporting a conclusion that Mr. Lawson, a serial litigant, is proceeding in bad faith.

## IV.    Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss will be granted and Plaintiff's claims dismissed with prejudice. An appropriate order follows.

                                        /s/ Gerald Austin McHugh
                                        United States District Judge